UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAZARIY KMET,

    Petitioner,                               Hon. Janet T. Neff

v.                                                 Case No. 1:20-cv-18

SECRETARY OF THE DEPARTMENT
OF HOMELAND SECURITY, et al.,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

On January 9, 2020, Petitioner, a federal prisoner incarcerated at the North Lake Correctional Institution (NLCI) in Baldwin, Michigan, filed a petition pursuant to 28 U.S.C. § 2241 challenging a United States Immigration and Customs Enforcement (ICE) immigration detainer. (ECF No. 1.) Petitioner has filed an Emergency Motion based on USSG § 1B1.13 "Compelling and Extraordinary" Reason (ECF No. 12), in which he requests that the Court grant him immediate release or home confinement based on the risk to his health that he faces from the novel coronavirus, or COVID-19, while confined in NLCI. The Federal Defendants have responded to the motion, arguing that Petitioner is not entitled to the requested relief. (ECF No. 13.)

Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Petitioner's motion be **denied**.

**Compassionate Release**

United States Sentencing Guideline § 1B1.13 is the policy statement for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Guideline § 1B1.13 provides that "[u]pon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines either that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" or (2) the defendant is at least 70 years old and has served at least 30 years in prison on the sentence for which the defendant is currently imprisoned. Previously, Guideline § 1B1.13 had mirrored Section 3582(c)(1)(A). On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence either upon a motion of the Director of the Bureau of Prisons (BOP) "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ."[1] Thus, Petitioner is now authorized to file a motion for release under Section 3582(c)(1)(A), but only after: (1) exhausting his administrative remedies; or (2) allowing the BOP 30 days to act on his request.

Putting aside whether Petitioner has complied with the procedural requirements for such motion, this Court is not the correct court for a motion under Section 3582(c)(1)(A).[2] Instead, Petitioner must seek such relief in the court that sentenced him—the Eastern District of Pennsylvania. (ECF No. 1 at PageID.2.) *See United States v. Richardson*, 948 F.3d 733, 749

---

[1] United States Sentencing Guideline § 1B1.13 has not been modified since the First Step Act was passed. *See United States v. York*, No. 3-11-CR-76, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019).

[2] By contrast, his Section 2241 Motion is properly brought in this District and will be addressed in a separate report and recommendation.

(6th Cir. 2020) ("In 18 U.S.C. § 3582(c), Congress provides that a sentencing court 'may not modify a term of imprisonment once it has been imposed" except under certain circumstances."); *see also United States v. Raia*, 954 F.3d 594 (3d Cir. 2020) (declining to address prisoner's COVID-19-based compassionate-release motion in the first instance because "Section 2592's text requires those motions to be addressed to the sentencing court"); *Simmons v. Warden, FCI-Ashland*, No. 0:2-40, 2020 WL 1905289, at *2 (E.D. Ky. Apr. 17, 2020) (denying § 2241 petition seeking compassionate release to home detention due to COVID-19 because, among other things, such motion "should be made to the Court that sentenced Simmons, not this Court"); *Gambino v. Hudgins*, No. 5:20-CV-43, 2020 WL 1698824, at *1 (N.D. W. Va. Apr. 8, 2020) (adopting report and recommendation recommending denial of COVID-19-based motion for compassionate release because "courts in this Circuit and elsewhere have consistently found that such a request must . . . be brought in the sentencing court"); *United States v. Desage*, No. 2:13-cr-39, 2020 WL 1904584, at *1 (D. Nev. Apr. 17, 2020) (noting that while "[a] sentencing court's ability to modify a sentence once imposed is seriously limited[,] [t]he compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, is an exception to this limitation" (footnotes omitted)).[3]

**Denial of Home Confinement**

Petitioner also cites 18 U.S.C. § 3624(c)(2), which pertains to home confinement as a part of prerelease custody and provides:

> The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that

---

[3] Although an issue more properly reserved to the sentencing court, the undersigned notes that Petitioner has not complied with Section 3582(c)(1)(A)'s exhaustion/30-day-waiting-period requirements. Regardless, as the Federal Defendants note, Petitioner's potential relief lies with the BOP, which is already increasing its placement of prisoners on home confinement due to COVID-19. (ECF No. 13 at PageID.117–20.)

3

>prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

Section 3624 "does not encroach upon the BOP's broad discretion and authority to determine where prisoners may be confined during the prerelease period." *Tunnicliffe v. Bureau of Prisons*, No. 06-cv-49, 2006 WL 1360802, at *4 (E.D. Ky. May 15, 2006). Courts in this district and the Sixth Circuit have recognized that home confinement is a matter left to the BOP's sole discretion. *See United States v. Greenwood*, No. 1:08-cr-54, 2019 WL 7602069, at *1 (W.D. Mich. May 6, 2019) ("As is plain from the text of the statute, 'it is BOP—not the courts—who decides whether home detention is appropriate. As § 3624(c) contemplates, "the authority ... *may be used* ...." Rather than mandate any particular home confinement decision, Congress instead directed BOP to place prisoners on home confinement "to the extent practicable."'") (quoting *United States v. Yates*, No. 15-40064-01, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019)); *Miller v. United States*, No. 16-20222-1, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020) (noting that "this Court and others have recognized that the authority to place a prisoner in home confinement is given to the BOP").

A federal prisoner may seek review of the BOP's decision to deny home confinement in a petition under 28 U.S.C. § 2241. *See Baranwal v. Stone*, No. CV 314-098, 2015 WL 171410, at *2 (S.D. Ga. Jan. 13, 2015); *Wilson v. Quintana*, No. 5:14-61-DCR, 2014 WL 2708301, at *1–2 (E.D. Ky. June 13, 2014). However, the scope of any such review is severely limited, as 18 U.S.C. § 3625 "entirely precludes judicial review of determinations by [the] BOP under [Section 3624(c)] except to the extent that a prisoner seeks to challenges [sic] the underlying rules and regulations." *Baranwal*, 2015 WL 171410, at *4 (citing *Cook v. Wiley*, 208 F.3d 1314, 1319 (11th Cir. 2000)); *see also Mubang v. Warden, Hazelton Secure Female Facility*, No. 1:18cv181, 2020 WL 1902552, at *9 (N.D.W.Va. Jan. 22, 2020) (noting that in light of Section 3625, the BOP's substantive

4

decisions regarding prisoner placement are not subject to judicial review, although a "court may still review whether there is clear evidence of unconstitutional conduct or evidence that the agency acted outside the scope of its authority"), *report and recommendation adopted*, 2020 WL 773440 (N.D. W. Va. Feb. 18, 2020).

Petitioner has not filed a separate petition challenging the BOP's decision not to place him on home confinement and asserting cognizable grounds for review. Petitioner's current petition challenges only the ICE detainer. Moreover, there is no indication that Petitioner exhausted his administrative remedies with the BOP, as he is required to do prior to seeking review of the BOP's decision. *See Campbell v. Barron*, 87 F. App'x 577 (6th Cir. 2004) ("A federal prisoner must exhaust all available administrative remedies before filing his § 2241 action.") (citing *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981)).

Accordingly, for the foregoing reasons, the undersigned recommends that Petitioner's Emergency Motion (ECF No. 12) be **DENIED WITHOUT PREJUDICE**.

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: April 24, 2020                                                  /s/ Sally J. Berens
                                                                       SALLY J. BERENS
                                                                       U.S. Magistrate Judge