UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAZARIY KMET,

        Petitioner,                                 Hon. Janet T. Neff

v.                                                     Case No. 1:20-cv-18

SECRETARY OF THE DEPARTMENT
OF HOMELAND SECURITY, et al.,

        Respondents.
_____/

## REPORT AND RECOMMENDATION

On January 9, 2020, Petitioner, a federal prisoner incarcerated at the North Lake Correctional Institution (NLCI) in Baldwin, Michigan, filed a petition pursuant to 28 U.S.C. § 2241 challenging a United States Immigration and Customs Enforcement (ICE) immigration detainer. (ECF No. 1.) Petitioner presents three grounds for relief, although his primary claim is that the ICE detainer is improperly preventing his release to home confinement under the First Step Act. Respondents (who identify themselves as the Federal Defendants), have filed a response, arguing that the Court should dismiss the petition on various grounds, including failure to exhaust and lack of jurisdiction. (ECF No. 7.) Petitioner has filed a reply. (ECF No. 11.)

Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the petition be **denied**.

### Background

On June 24, 2014, in the United States District Court for the Eastern District of Pennsylvania, Petitioner and others were charged in a twelve-count indictment with Medicare

fraud, kickbacks, and mail fraud. *United States v. Kmet*, No. 2:14-CR-319-01, ECF No. 1 (E.D. Pa.). On November 6, 2014, Petitioner pled guilty pursuant to a written plea agreement. *Id.*, ECF No. 124, n.1. On March 31, 2015, the court sentenced Petitioner to a term of 72 months imprisonment, concurrent with a term of 60 months imprisonment, followed by three years of supervised release, for conspiracy to commit healthcare fraud, 18 U.S.C. § 1349, and violation of the anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(2)(B). *Id.*, ECF Nos. 127, 128. Petitioner appealed the district court's order denying his motion to withdraw his guilty plea to the Third Circuit, which affirmed. *United States v. Kmet*, 667 F. App'x 357 (3d Cir. 2016). Petitioner thereafter filed a motion pursuant to 28 U.S.C. § 2255, which the district court denied and is currently on appeal to the Third Circuit. *United States v. Kmet*, No. 19-2718 (3d Cir. 2019).

Petitioner had been incarcerated with the Bureau of Prisons (BOP) at Federal Correctional Institution Fort Dix until late November 2019, when he was transferred to NLCI. (ECF No. 1 at PageID.8; ECF No. 7-1 at PageID.67.) NLCI is owned and operated by GEO Group, Inc., a private entity that contracts with the BOP. Petitioner's projected release date is June 26, 2020. (ECF No. 1-1 at PageID.25.)

In 2018, while Petitioner was incarcerated at Fort Dix, ICE issued a detainer on Petitioner for possible deportation after competition of his federal sentence.[1] (ECF No. 7-1 at PageID.86, 92.) ICE issued another detainer on December 13, 2019, after Petitioner arrived at NLCI. (ECF No. 1-1 at PageID.24.) Petitioner alleges that the detainer is improperly preventing his release

---

[1] A previous detainer issued in 2015 was canceled due to Petitioner's pending direct appeal. (ECF No. 7-1 at PageID.90, 92.) Petitioner's pending appeal of the denial of his Section 2255 motion does not render Petitioner's conviction invalid for immigration purposes. *Matter of J.M. Acosta*, 27 I. & N. Dec. 420, 432 (B.I.A. 2018).

pursuant to the First Step Act.² For relief, Petitioner requests that the Court order ICE to cancel the detainer, notify NLCI, and initiate the necessary document for Petitioner's First Step Act release. (ECF No. 1 at PageID.7–8.)

## Discussion

Pursuant to 28 U.S.C. § 2241, the general habeas corpus statute, a federal court is authorized to grant a writ of habeas corpus to a person held "in custody in violation of the Constitution or law and treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Petitioner raises three grounds in his petition, which the undersigned interprets as follows:

1. The ICE detainer is invalid because it was not properly served on Petitioner, was otherwise procedurally deficient, and Petitioner is still challenging his conviction through a Section 2255 action.

2. The GEO Group, Inc., failed to follow procedures in connection with the issuance of a Detainer Action Letter and ignored his multiple requests to be released pursuant to the First Step Act.

3. Petitioner's transfer to NLCI violated the First Step Act and Petitioner's security classification.

(ECF No. 1 at PageID.7–8.)

**I.    Exhaustion**

"A federal prisoner must exhaust all available administrative remedies before filing his § 2241 action." *Campbell v. Barron*, 87 F. App'x 577 (6th Cir. 2004) (citing *Little v. Hopkins*,

---

² In his reply, Petitioner states that Respondents mischaracterize his claim as being that the detainer renders him ineligible for participation in the Residential Drug Abuse Program (RDAP). (ECF No. 11 at PageID.101.) In fact, the District of New Jersey recently rejected Petitioner's claim that the loss of a discretionary sentence reduction under the RDAP resulting from the August 2018 detainer violated Petitioner's due process rights. *See Kmet v. Sec'y, Dep't of Homeland Sec.*, No. 19-19307, 2020 WL 1685610, at *2–3 (D.N.J. Apr. 7, 2020); *Kmet v. Ortiz*, No. 19-9185, 2020 WL 1685648, at *3 (D.N.J. Apr. 7, 2020).

3

638 F.2d 953, 953–54 (6th Cir. 1981)).  Exhaustion in the context of a Section 2241 petition is a judicially-created requirement.  *Aguilera v. Fed. Bureau of Prisons*, No. 4:13CV513, 2013 WL 5676324, at *4 (N.D. Ohio Oct. 17, 2013).  Thus, unlike statutorily-imposed exhaustion, a court confronted with a Section 2241 petition may excuse exhaustion if it "would be futile or unable to afford the petitioner the relief he seeks."  *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006).

Respondents argue that, with the exception of his claims regarding the ICE detainer, the Court should dismiss Petitioner's claims for failure to exhaust his administrative remedies.  (ECF No. 7 at PageID.58–59.)  Petitioner concedes in his reply that he did not fully exhaust his second and third claims, but he argues that, based on the BOP's Step I responses to his administrative claims on those issues, exhaustion would have been futile.  (ECF No. 11 at PageID.102.)  Because exhaustion is not jurisdictional, "a court may deny an unexhausted § 2241 petition on the merits rather than requiring further exhaustion."  *Lopez v. Zych*, No. 09-11440, 2010 WL 890177, at *2 (E.D. Mich. Mar. 10, 2010) (citing *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990)).  Here, because Petitioner's claims are subject to dismissal on other grounds, the Court need not decide the exhaustion issue.  *See Settle v. Parris*, No. 3:19-CV-302, 2019 WL 5232621, at *2 (E.D. Tenn. Oct. 16, 2019) ("The Court determines that it need not decide the exhaustion issue . . . as Petitioner's allegations do not raise a constitutional issue.").

**II.      Lack of Jurisdiction**

Because Petitioner is still serving his federal sentence for healthcare fraud and kickbacks, his challenge to the ICE detainer is premature and the Court lacks jurisdiction over his request.  *See Aritola v. Patton*, No. 07-CV-78, 2007 WL 2965071, at *4 (E.D. Ky. Oct. 9, 2007) ("The law is well settled that a prisoner must wait until he comes into the custody of the INS or ICE authorities

4

to challenge its detention, as even an immigration detainer or other pre-release notice from immigration authorities does not confer custody to the INS."). As summarized by the District of New Jersey in rejecting Petitioner's challenge to the 2018 detainer:

> Section 2241 confers jurisdiction upon federal courts to hear petitions challenging pre-removal immigration detentions during the course of removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A prisoner who is presently serving a federal criminal sentence, however, is not "in custody" for purposes of § 2241 merely because ICE has lodged an immigration detainer against him or her. *See Adams v. Apker*, 148 F. App'x 93, 95 (3d Cir. 2005). An "immigration detainer, which simply gives a prison notice that ICE is interested in the prisoner, is not sufficient to establish 'custody' for purposes of § 2241." *See, e.g.*, *James*, 594 F. App'x at 67.
>
> With those principles in mind, Petitioner's detainer claims are facially meritless under § 2241. Petitioner is currently in custody pursuant to his federal criminal sentence and *not* his immigration detainer, *i.e.*, he is not presently in immigration detention during removal proceedings. Consequently, he cannot challenge the detainer because he is not "in custody" pursuant to that detainer, for the purposes of § 2241. *See James*, 594 F. App'x at 67; *Adams*, 148 F. App'x at 95. Accordingly, the Court will dismiss Petitioner's immigration detainer claims for lack of jurisdiction.

*Kmet v. Ortiz*, No. 19-9185, 2020 WL 1685648, at *2 (D.N.J. Apr. 7, 2020); *see also Prieto v. Gluch*, 913 F.2d 1159, 1162–63 (6th Cir. 1990) (holding that the district court lacked habeas jurisdiction over the petitioner's claims concerning INS notices of detainer because the petitioners were in the custody of the BOP on their federal criminal sentences and not in the custody of the INS). Because Petitioner is still in the custody of the BOP on his federal criminal sentence, the same result adheres regarding the 2019 ICE detainer. Thus, Petitioner's claims challenging the detainer must be dismissed for lack of jurisdiction.

The Court construes Petitioner's grounds one and two as setting forth claims challenging the validity of the detainer over which this Court lacks jurisdiction. To the extent that Petitioner intended his statement in ground two regarding denial of his requests for release on home confinement pursuant to the First Step Act as a request for review of that decision, his claim must

5

fail. The First Step Act's modifications to 18 U.S.C. § 3624 "did not modify the requirement that the BOP, not the Court, make the decision to place a prisoner on home confinement or in a [residential re-entry center]." *United States v. Parks*, No. 1:17CR137, 2019 WL 5085968, at *2 (N.D. Ohio Oct. 10, 2019); *see also United States v. Greenwood*, No. 1:08-cr-54, 2019 WL 7602069, at *1 (W.D. Mich. May 6, 2019) ("As is plain from the text of the statute, 'it is BOP—not the courts—who decides whether home detention is appropriate. As § 3624(c) contemplates, "the authority ... *may be used* ...." Rather than mandate any particular home confinement decision, Congress instead directed BOP to place prisoners on home confinement "to the extent practicable."'") (quoting *United States v. Yates*, No. 15-40064-01, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019)). While a federal prisoner may seek review of the BOP's decision to deny home confinement in a petition under 28 U.S.C. § 2241, s*ee Baranwal v. Stone*, No. CV 314-098, 2015 WL 171410, at *2 (S.D. Ga. Jan. 13, 2015); *Wilson v. Quintana*, No. 5:14-61-DCR, 2014 WL 2708301, at *1–2 (E.D. Ky. June 13, 2014), the scope of any such review is severely limited, as 18 U.S.C. § 3625 "entirely precludes judicial review of determinations by [the] BOP under [Section 3624(c)] except to the extent that a prisoner seeks to challenge[] the underlying rules and regulations." *Baranwal*, 2015 WL 171410, at *4 (citing *Cook v. Wiley*, 208 F.3d 1314, 1319 (11th Cir. 2000)); *see also Mubang v. Warden, Hazelton Secure Female Facility*, No. 1:18cv181, 2020 WL 1902552, at *9 (N.D. W. Va. Jan. 22, 2020) (noting that, in light of Section 3625, the BOP's substantive decisions regarding prisoner placement are not subject to judicial review, although a "court may still review whether there is clear evidence of unconstitutional conduct or evidence that the agency acted outside the scope of its authority"), *report and recommendation adopted*,

6

2020 WL 773440 (N.D. W. Va. Feb. 18, 2020). Here, Petitioner's challenge to denial of release on home confinement—which seeks release to home confinement—is not so limited.³

### III. Conditions of Confinement

Petitioner's claims regarding his placement at NLCI as violative of the First Step Act and Petitioner's custody classification are challenges to his conditions of confinement. Habeas petitions pursuant to 28 U.S.C. § 2241 are "reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the conditions of confinement." *Velasco v. Lamanna*, 16 F. App'x 311, 314 (6th Cir. 2001) (citing *Cohen v. United States*, 593 F.2d 766, 770–71 (6th Cir. 1979)); *see also Okoro v. Scibana*, No. 99-1322, 1999 WL 1252871, at *2 (6th Cir. Dec. 15, 1999) (holding that the district court correctly dismissed the petitioner's conditions of confinement claim regarding his transfer to another facility because it was "not the type of claim that should be brought in a habeas corpus petition, which is designed to test the legality or duration of confinement"). Instead, a federal prisoner may seek relief from his conditions of confinement only through an action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (concluding that the district court properly construed the action as a *Bivens* action because Section 2241 "is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a

---

³ Although Petitioner does not expressly raise the issue, because the BOP has unfettered discretion in determining whether an inmate should be released on home confinement, Petitioner has no liberty interest in early release for purposes of a due process claim. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (no liberty interest where decisionmaker has sole discretion over grant or denial of benefit); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1983) (no generalized constitutional right to a reduced sentence).

sentence"). Accordingly, Petitioner's claims in his third ground are subject to dismissal without prejudice.[4]

## Conclusion

For the foregoing reasons, the undersigned recommends that Petitioner's Petition pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**. It is further recommended that, pursuant to 28 U.S.C. § 1915(a)(3), for the same reasons that the petition is without merit, any appeal of an order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, leave to appeal *in forma pauperis* should be denied. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: May 18, 2020
　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Sally J. Berens
　　　　　　　　　　　　　　　　　　　　　　　　　　　　SALLY J. BERENS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

---

[4] The Court notes that Petitioner included the phrase "The Bivens v. Six Unknown Federal Narcotics" in the title on the cover page of his petition. (ECF No. 1 at PageID.1.) While the Court could arguably construe Petitioner's filing to include a *Bivens* action, nothing in the body of the petition indicates that Petitioner intended to file a *Bivens* action. In addition, in his reply, Petitioner does not argue that he intended to file a *Bivens* action and expressly denies challenging the conditions of his confinement. (ECF No. 11 at PageID.104.) Moreover, a *Bivens* action is subject to the Prison Litigation Reform Act's exhaustion requirement, as to which there is no futility exception. *See Jebril v. Webber*, No. 08-10151, 2009 WL 5174023, at *3–4 (E.D. Mich. Dec. 18, 2019) (citing *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)). Accordingly, because Respondents have raised Petitioner's failure to exhaust, and Petitioner has conceded that failure, Petitioner's claims in his third ground would be subject to dismissal for lack of exhaustion if Petitioner's action were construed as a *Bivens* action.