UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAZIRY KMET,

    Petitioner,

v.

SECRETARY OF THE DEPARTMENT OF
HOMELAND SECURITY, et al.,

    Respondents.

_____/

Case No. 1:20-cv-18

HON. JANET T. NEFF

**OPINION AND ORDER**

Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging a United States Immigration and Customs Enforcement (ICE) immigration detainer and seeking release from custody. Additionally, Petitioner subsequently filed an "Emergency Motion based on (USSG) § 1B1.13 'Compelling and Extraordinary' Reason" (ECF No. 12), in which he requests the Court grant him immediate release or home confinement based on the risk to his health that he faces from COVID-19.

First, the Emergency Motion was referred to a Magistrate Judge, who issued a Report and Recommendation (R&R) (ECF No. 16), recommending that this Court deny the motion without prejudice, in part because Petitioner failed to exhaust his administrative remedies. Second, the Magistrate Judge issued a Report and Recommendation as to the habeas petition (ECF No. 17), recommending that this Court deny the petition as without merit.

The matter is presently before the Court on Petitioner's combined objections to both Report and Recommendations (ECF No. 21). Petitioner has also filed a motion to reapply/transfer his

home confinement motion from his closed, related case, *Kmet v. Secretary of the Department of Homeland Security et al.*, No. 1:20-cv-438 (W.D. Mich.), to this case.

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Reports and Recommendations to which objections have been made. The Court denies the objections, denies the motion, and issues this Opinion and Order. The Court will also issue a Judgment in this habeas proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

## I. Motion to Transfer Home Confinement Motion

The Court determined that Petitioner's related case, No. 1-20-cv-438, was properly dismissed for lack of merit on the grounds presented, and accordingly entered an Order denying Petitioner's motion for home confinement as moot. Following the two Reports and Recommendations recommending the denial of relief in this case, Petitioner filed a one-sentence motion to "reapply/refile/transfer" his home confinement motion" from the closed case to the instant case (ECF No. 23). Additionally, in a change of address and custody notice filing, Petitioner seeks to "renew his Covid-19 request for home detention …," asserting he is now in ICE custody in the Calhoun County Correctional Center, and the outbreak there is worse than in North Lake Correctional Institution (NLCI) where he was previously housed (ECF No. 22 at PageID.154).

To the extent Petitioner attempts to renew or reapply his motion, he has not provided an adequate basis for transfer or for substantive relief. Petitioner is seeking to transfer his motion ECF No. 7 of case number 1:20-cv-438, in which he describes his experience in quarantine after being transported, which resulted in 23 hours per day of lockdown in a two-man cell, with poor

air circulation and no access to the law library (*see* Case No. 1:20-cv-438, ECF No. 7 at PageID.35-36). This motion in large part appears to be duplicative of his previously filed Emergency Motion in this case (ECF No. 12), which the Magistrate Judge recommends denying on several grounds:

> Petitioner has not filed a separate petition challenging the BOP's decision not to place him on home confinement and asserting cognizable grounds for review. Petitioner's current petition challenges only the ICE detainer. Moreover, there is no indication that Petitioner exhausted his administrative remedies with the BOP, as he is required to do prior to seeking review of the BOP's decision.

(ECF No. 16 at PageID.134). Petitioner has shown no proper basis for the Court to consider his previous motion in this case, under differing circumstances. Further, Petitioner has neither alleged that he exhausted his administrative remedies with respect to the relief sought nor provided any documentation indicating that he has pursued any such remedies. The motion is therefore denied.

## II. Objections

Petitioner incorporated his objections to both Reports and Recommendations (ECF Nos. 16 and 17) in one filing (ECF No. 21). For the most part, Petitioner's objections fail to specifically identify the relevant portion of the Report and Recommendation from which the objection arises, and instead reassert much of the same circumstances already considered by the Magistrate Judge (Obj., ECF No. 21 at PageID.147-149). An objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). Petitioner's general statements of disagreement with the Magistrate Judge's conclusions and mere reiterations of arguments already presented—rather than specific objections—do not sufficiently identify Petitioner's issues of contention with the Reports and Recommendations and do not provide a proper basis for review by this Court. *See Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995) ("objections must be clear enough to enable the district court to

3

discern those issues that are dispositive and contentious"); *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

Petitioner's objections conflate the bases for the relief sought and the appropriate legal analysis set forth in the Reports and Recommendations, instead presenting general arguments for relief. Additionally, Petitioner states that his COVID motion request "intend[s] to supplement his original motion with a new argument based on new development with a Covid-19 issue …" and that "Petitioner is facing unnecessary danger [due to] Covid-19" (Obj., ECF No. 21 at PageID.147). New circumstances or arguments for relief are not properly presented as objections to a Report and Recommendation.

In any event, as best the Court can discern, Petitioner asserts two general disagreements with the Magistrate Judge's Reports and Recommendations. First, Petitioner disagrees that he is not entitled to home confinement due to Covid-19. Petitioner cites the Administrative Remedy Response at Step I (ECF No. 21-1 at PageID.152), as stating that home confinement is determined "not to be appropriate" because "a determination of your immigration status has not been made by DHS" (ECF No. 21 at PageID.148). Petitioner states: "[w]hat's not appropriate is unclear, it's sound [sic] like if you are an alien and not a citizen then it is ok for you to get sick or be exposed to the Corona Virus?" (*id.*). Petitioner contends that this response is staff confirmation that he is "in custody" due to an ICE request to be detained. Even if Petitioner were correct, which is doubtful, Petitioner fails to show how his contention undermines the Magistrate Judge's reasoning and conclusions with respect to the specific claims presented. This objection fails.

Second, Petitioner is "requesting this Honorable Court to review and address the main issue of this petition, the ICE officers['] violation of the Constitution of the United States in issuing a Detainer[] without a proper determination of Probable Cause exists [sic]" (Obj., ECF No. 21 at

PageID.148). Petitioner asserts that none of the determinations in the detainer are valid, and he "verified that there is no ongoing case [in] which DHS [Department of Homeland Security] has issued a charging document and served the charging document on the Petitioner …."[1] He asserts that he has fully exhausted his administrative remedies on the Detainer issue, and further, that the "Court has [] jurisdiction over the issue as Petitioner is 'in custody' due to a[n] ICE Detainer" (*id.* at PageID.149).[2]

However, the Magistrate Judge determined that "because Petitioner's claims are subject to dismissal on other grounds, the Court need not decide the exhaustion issue" (R&R, ECF No. 17 at PageID.138). Thus, Petitioner's exhaustion assertion, even if correct, would not affect the outcome. With regard to jurisdiction, the Magistrate Judge properly determined in the Report and Recommendation that "[b]ecause Petitioner is still serving his federal sentence for healthcare fraud and kickbacks, his challenge to the ICE detainer is premature and the Court lacks jurisdiction over his request" (*id.*). Aside from his mere disagreement with this determination, Petitioner fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Therefore, his objections are denied.

The Magistrate Judge further recommends that, pursuant to 28 U.S.C. § 1915(a)(3), for the same reasons that the petition is without merit, any appeal of an order adopting this Report and

---

[1] In Petitioner's related, closed case, No. 1:20-cv-438, the Court, in fact, recognized that "ICE issued a 'Warrant for Arrest of Alien' and 'Immigration Detainer – Notice of Action' on December 13, 2019, while Plaintiff was confined at the North Lake Correctional Facility in Baldwin, Michigan," and that "the warrant … was signed by Defendant Stevenson and indicates that he had determined that there was probable cause to believe that Plaintiff is removable from the United States" (ECF No. 8 at PageID.47).

[2] Following the Report and Recommendation and his objections, Petitioner filed a "Change of Address and Custody Notice," in which he states "[c]omes now, Petitioner inform[s] this Court about change of address and Petitioner is 'in custody' of ICE" (ECF No. 22 at PageID.154). The determinations in this case, however, were based on the petition as filed and the Court has resolved the matter accordingly based on the Reports and Recommendations and objections.

Recommendation would not be taken in "good faith," and, therefore, leave to appeal *in forma pauperis* should be denied (ECF No. 17 at PageID.142, citing FED. R. APP. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997)).  The Court will so order.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised.  *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").  The Court must review the issues individually.  *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the motion to reapply/transfer home confinement (ECF No. 23) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Objections (ECF No. 21) are DENIED and the Report and Recommendations of the Magistrate Judge (ECF Nos. 16 and 17) are APPROVED and ADOPTED as the Opinions of the Court.

**IT IS FURTHER ORDERED** that the Emergency Motion (ECF No. 12) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that any appeal of this Order would not be taken in "good faith," and, therefore, leave to appeal *in forma pauperis* is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: November 6, 2020                               /s/ Janet T. NEff
                                                     JANET T. NEFF
                                                     United States District Judge